UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIORGIO QUINIONES,<br><br>            Plaintiff,<br><br>      v.<br><br>LG CHEM, LTD.,<br><br>            Defendant. | No. 2:21-cv-01612-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Giorgio Quiniones ("Plaintiff") seeks to recover from LG Chem, Ltd., ("Defendant") for injuries sustained when his electronic cigarette "mod" device, in which he allegedly used a "LG lithium-ion 18650 battery" manufactured by Defendant, ignited next to him while he was sleeping in bed. Presently before the Court is Defendant's Motion to Dismiss for lack of personal jurisdiction. ECF No. 9.[1] For the following reasons that Motion is GRANTED with leave to amend.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

# STANDARD

A judgment rendered in violation of due process is void, and due process requires that a defendant be subject to the personal jurisdiction of the court. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Pennoyer v. Neff, 95 U.S. 714, 732–33 (1877); Int'l Shoe Co. v. Wash., 326 U.S. 310 (1945)). In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 671 (9th Cir. 2012) (citation omitted). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts" to withstand the motion to dismiss. Id. at 672 (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)). The court resolves all disputed facts in favor of the plaintiff. Wash. Shoe, 704 F.3d at 672.

Where, as here, there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). California Code of Civil Procedure section 410.10, California's long-arm statute, is "coextensive" with federal due process requirements. Id. Accordingly, the "jurisdictional analyses under state law and federal due process are the same." Id.

There are two categories of personal jurisdiction from a due process perspective: general and specific. A court has general jurisdiction over a nonresident defendant when the defendant's contacts with the forum are "substantial" or "continuous and systematic." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is an exacting standard that requires the defendant's contacts to approximate physical presence in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). Specific personal jurisdiction, on the other hand, exists when a defendant's "in-state activity is

continuous and systematic and that activity gave rise to the episode-in-suit." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011) (citing Int'l Shoe, 326 U.S. 317 (1945)) (internal quotation marks omitted).  However, "the commission of certain 'single or occasional acts' in a State may be sufficient to render a [defendant] answerable in that State with respect to those acts . . . ." Id. (citation omitted).

The Ninth Circuit employs a three-part test to determine whether a non-resident has sufficient minimum contacts to be subject to specific personal jurisdiction: i) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and iii) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.  Wash. Shoe, 704 F.3d at 672.  If the plaintiff satisfies the first two elements, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable.  Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

3

1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Plaintiff alleges he was injured by an LG Chem lithium battery sold to his girlfriend in March 2019 by Yo Momma's Favorite Vape Shop, a retailer in Stockton, California, for use in his personal e-cigarette device.[2]  Defendant contends it cannot be hailed into this forum to defend against Plaintiff's claims, however, because it did not purposefully avail itself of the privilege of conducting activities in the forum, Plaintiff's claims do not arise out of or are related to Defendant's activities in this forum, and the exercise of jurisdiction would be unreasonable.[3]

To that end, Defendant has offered the following evidence to establish that this forum is improper.  First, Defendant is a Korean company with its principal place of business in Seoul, South Korea.  Decl. of Hwi Jae Lee, ECF No. 9, ¶ 7.  "[It] is not registered to do business in California, does not have an office in California, and does not own or lease any property in California."  Id. ¶ 8.  Second, according to Defendant, "[it] never designed, manufactured, distributed, advertised, or sold 18650 lithium ion cells for sale to or use by consumers as standalone, replaceable batteries."  Id. ¶ 11.  "The 18650 lithium ion cells [Defendant] manufactured are industrial component parts; they are not standalone replaceable consumer batteries, and they were not designed to be handled by consumers."  Id.  Third, Defendant also did not sell these batteries directly to consumers and did not authorize anyone else to do so either.  Id. ¶ 12.  Fourth,

---

[2] Plaintiff previously filed suit in the Northern District of Georgia alleging claims arising out of these same injuries.  Defendant moved to dismiss the claims for lack of personal jurisdiction, after which Plaintiff sought to transfer his case to this Court and then voluntarily dismissed his claims in that court before his motion was ruled upon.

[3] Plaintiff concedes general jurisdiction is lacking.  Accordingly, the Court will evaluate only specific jurisdiction herein.

Defendant did not conduct business with Yo Momma's Favorite Vape Shop or the manufacturer of Plaintiff's e-cigarette device, and it published a warning on its website "warning against the use of 18650 cells as standalone, replaceable batteries." Id. ¶¶ 14-16.  Finally, Defendant did not manufacture or design its 18650 lithium ion cells in California, "did not have any distributors for its 18650 lithium-ion cells located in California," did not authorize re-wrapping its cells in another company's brand exterior wrapping, and never engaged in business with any entity engaged in the business of selling 18650 lithium ion cells directly to consumers.  Id. ¶¶ 13, 20-22.

Numerous courts have addressed similar arguments in this and other jurisdictions.  The Court joins those courts that have concluded personal jurisdiction is lacking.  See, e.g., LG Chem LTD. v. Superior Ct. of San Diego Cnty., 80 Cal. App. 5th 348 (4th Dist. 2022); Macias v. LG Chem, Ltd., No. SA CV 20-02416, 2021 WL 2953162 (C.D. Cal. May 7, 2021); Payrovi v. LG Chem Am., Inc., 491 F. Supp. 3d 597 (N.D. Cal. 2020).  The Court need not decide whether Defendant purposefully availed itself of the privileges of doing business in this forum because, regardless, Plaintiff's injuries did not arise out of Defendant's forum-related activities.  See Macias, 2021 WL 2953162, at *4 (materially identical claims did not arise under Defendant's forum-related activities in California when, among other things, Defendant did not design, advertise, or sell its batteries to individual consumers).  Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction is GRANTED.  Plaintiff's request for jurisdictional discovery is DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is timely filed, this action will be deemed

DISMISSED with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

DATED: December 19, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE