UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIORGIO QUINIONES,<br><br>          Plaintiff,<br><br>     v.<br><br>LG CHEM, LTD.,<br><br>          Defendant. | No. 2:21-cv-01612-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Giorgio Quiniones ("Plaintiff") seeks to recover from LG Chem, Ltd., ("Defendant") for injuries sustained when his electronic cigarette "mod" device, in which he allegedly used a "LG lithium-ion 18650 battery" manufactured by Defendant, ignited next to him while he was sleeping in bed.  The Court previously granted with leave to amend a motion to dismiss for lack of personal jurisdiction filed by Defendant.  ECF No. 29.  Plaintiff thereafter filed a First Amended Complaint ("FAC").  ECF No. 37.  Presently before the Court is Defendant's renewed Motion to Dismiss also brought pursuant to Federal Rule of Civil Procedure 12(b)(2).  ECF No. 38.  For the following reasons that Motion is GRANTED without leave to amend.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

1

**STANDARD**

A judgment rendered in violation of due process is void, and due process requires that a defendant be subject to the personal jurisdiction of the court. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Pennoyer v. Neff, 95 U.S. 714, 732–33 (1877); Int'l Shoe Co. v. Wash., 326 U.S. 310 (1945)).  In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 671 (9th Cir. 2012) (citation omitted).  However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts" to withstand the motion to dismiss. Id. at 672 (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)).  The court resolves all disputed facts in favor of the plaintiff. Wash. Shoe, 704 F.3d at 672.

Where, as here, there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).  California Code of Civil Procedure section 410.10, California's long-arm statute, is "coextensive" with federal due process requirements. Id.  Accordingly, the "jurisdictional analyses under state law and federal due process are the same." Id.

There are two categories of personal jurisdiction from a due process perspective: general and specific.  A court has general jurisdiction over a nonresident defendant when the defendant's contacts with the forum are "substantial" or "continuous and systematic." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  The standard for establishing general jurisdiction is an exacting standard that requires the defendant's contacts to approximate physical presence in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).  Specific personal jurisdiction, on the other hand, exists when a defendant's "in-state activity is

continuous and systematic and that activity gave rise to the episode-in-suit." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011) (citing Int'l Shoe, 326 U.S. 317 (1945)) (internal quotation marks omitted).  However, "the commission of certain 'single or occasional acts' in a State may be sufficient to render a [defendant] answerable in that State with respect to those acts . . . ." Id. (citation omitted).

The Ninth Circuit employs a three-part test to determine whether a non-resident has sufficient minimum contacts to be subject to specific personal jurisdiction: i) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and iii) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.  Wash. Shoe, 704 F.3d at 672.  If the plaintiff satisfies the first two elements, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable.  Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

The Court previously determined personal jurisdiction was lacking over Defendant:

> The Court joins those courts that have concluded personal jurisdiction is lacking. See, e.g., LG Chem LTD. v. Superior Ct. of San Diego Cnty., 80 Cal. App. 5th 348 (4th Dist. 2022); Macias v. LG Chem, Ltd., No. SA CV 20-02416, 2021 WL 2953162 (C.D. Cal. May 7, 2021); Payrovi v. LG Chem Am., Inc., 491 F. Supp. 3d 597 (N.D. Cal. 2020). The Court need not decide whether Defendant purposefully availed itself of the privileges of doing business in this forum because, regardless, Plaintiff's injuries did not arise out of Defendant's forum-related activities. See Macias, 2021 WL 2953162, at *4 (materially identical claims did not arise under Defendant's forum-related activities in California when, among other things, Defendant did not design, advertise, or sell its batteries to individual consumers).

ECF No. 29 at 5. Plaintiff has not added any new allegations in the FAC or produced any new evidence sufficient to change the Court's conclusion. In fact, Plaintiff did not address the Court's prior ruling in his Opposition at all. Accordingly, the Court hereby incorporates its prior order by reference as equally applicable here and again holds personal jurisdiction over Defendant is lacking. See also Yamashita v. LG Chem, Ltd., 62 F.4th 496 (9th Cir. 2023) (upholding the district court's dismissal for lack of personal jurisdiction as to this same Defendant, who "ha[d] various forum contacts, but does not sell the allegedly defective product as a stand-alone product to in-state consumers"). In addition, because "[j]urisdictional discovery would be little more than a fishing expedition seeking support for jurisdictional theories," the Court also again denies Plaintiff's request for such discovery. Id.

4

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 38) is GRANTED without leave to amend.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 27, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE